KAZEROUNI LAW GROUP, APC
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Jason A. Ibey, Esq. (284607)
jason@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6806
Facsimile: (800) 520-5523

RKR LEGAL, APC
S. Masih Kazerouni, Esq (272148)
mk@rkrlegal.com
sr@rkrlegal.com
245 Fischer Ave, Suite D1
Costa Mesa, CA 92626
Telephone: (866) 502-0787
Facsimile: (866) 502-5065

Attorneys for Plaintiff,
Timothy Barrett and Shayan Kamrava

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TIMOTHY BARRETT and SHAYAN KAMRAVA, Individually And On Behalf Of All Others Similarly Situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**WYNN LAS VEGAS, LLC; and WYNN RESORTS HOLDINGS, LLC, Nevada limited liability companies,**<br><br>**Defendants.** | Case No.: **'16CV1138 BAS KSC**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF PURSUANT TO CALIFORNIA PENAL CODE SECTION 630 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs TIMOTHY BARRETT and SHAYAN KAMRAVA (jointly the "Plaintiffs"), on behalf of themselves and the class of similarly situated individuals as defined below, alleges upon information and belief and investigation by counsel as follows:

## INTRODUCTION

1.    This class action lawsuit arises out of Defendants' WYNN LAS VEGAS, LLC and WYNN RESORTS HOLDINGS, LLC's (jointly "WYNN" or

"Defendants") policy and practice of willfully employing and/or causing to be employed certain recording equipment in order to record Defendants' telephone conversations with Plaintiffs without Plaintiffs' knowledge or consent, in violation of California Penal Code §§ 662 and 632.7, thereby invading Plaintiffs' privacy.

2.   Defendants' policy and practice of recording telephone calls to and from their telephonic room reservation's department without the consent of all parties violates California's Invasion of Privacy Act (California Penal Code §§ 630, *et seq.*).  Specifically, Defendant's policies and practices violate California Penal Code § 632 ("Penal Code § 632"), which prohibits the recording of a confidential communication made to a telephone without the consent of all parties to the communication.

3.   Defendants' policy and practice of recording telephone conversations without the consent of all parties violates California's Invasion of Privacy Act (California Penal Code §§ 630, *et seq.*).  Specifically, Defendant's policies and practices violate California Penal Code § 632.7 ("Penal Code § 632.7"), which prohibits the recording of a communication made to a cellular telephone without the consent of all parties to the communication.  Penal Code § 632.7 does not require that the recorded communication be confidential.

4.   WYNN has violated and continues to violate Penal Code §§ 632 and 632.7 by impermissibly recording confidential communications with California residents, and/or by impermissibly recording communications regardless of their nature with California residents while said residents are on cellular telephones, without the consent of all parties to the communication.

## JURISDICTION AND VENUE

5.   Jurisdiction is proper under 28 U.S.C. § 1332(d)(2)(A) because Plaintiff Timothy Barrett is a resident of the State of California, County of San Diego, and therefore is a citizen of a state different from each Defendant,

companies incorporated in Nevada, with their principal place of business in Nevada. Plaintiff Shayan Kamrava is a resident of the State of California. Plaintiffs also seek the greater of statutory damages of $5,000 per violation or three times actual damages per violation, pursuant to Penal Code 637.2(a), which when aggregated among a proposed class number in the thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

6.     Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (1) Plaintiff Timothy Barrett resides in the County of San Diego, State of California, which is within this judicial district; (2) the conduct complained of by Plaintiff Timothy Barrett herein occurred within this judicial district and within the State of California; and (3) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

7.     Plaintiff Timothy Barrett ("Ms. Barrett") is an individual residing in the State of California.

8.     Plaintiff Shayan Kamrava ("Mr. Kamrava") is an individual residing in the State of California.

9.     Upon information and belief, Plaintiffs allege that WYNN LAS VEGAS, LLC and WYNN RESORTS HOLDINGS, LLC are each a Nevada limited liability company with their principal place of business located at 3131 S Las Vegas Boulevard, Las Vegas, NV 89109.

10.    Plaintiffs are informed and believe, and thereon allege, that WYNN LAS VEGAS, LLC is, and at all times mentioned herein was, a company with its principal place of business in Las Vegas, Nevada and a limited liability company in Nevada. It is in the business of hotel hospitality and operates a casino in the United States. Defendant has a policy and practice of recording conversations with

the public, including California residents. Defendants' employees and agents are directed, trained and instructed to, and do, record cellular telephone conversations with the public, including California residents.

11.     Plaintiffs are informed and believe, and thereon allege, that WYNN RESORTS HOLDINGS, LLC is, and at all times mentioned herein was, a company with its principal place of business in Las Vegas, Nevada and a limited liability company in Nevada. It is in the business of hotel hospitality and operates a casino in the United States. Defendant has a policy and practice of recording conversations with the public, including California residents. Defendants' employees and agents are directed, trained and instructed to, and do, record cellular telephone conversations with the public, including California residents.

## FACTUAL ALLEGATIONS

12.     At all times relevant, Plaintiffs are individuals residing within the State of California.

13.     In or about May of 2016, and while Mr. Barrett's residence was in the State of California and while Mr. Barrett was physically present in the State of California, Mr. Barrett had at least one telephone communication on his cellular telephone ending 8824 in which he inquired about room rates for a future event. Mr. Barrett was present in California at the time of the call to WYNN.

14.     The telephone call with the representative of WYNN lasted for several minutes.

15.     After speaking with a representative for at least approximately two minutes, Mr. Barrett inquired whether the call was being recorded, and the representative indicated that that call was being recorded.

16.     The telephone number that Mr. Barrett called was 877-321-9966.

17.     WYNN did not notify Mr. Barrett that the call was recorded at the outset of the call, nor did Defendant obtain Mr. Barrett's consent.

18.     Mr. Barrett did not hear any intermittent beeping sounds during the

call that may have possibly alerted Mr. Barrett to Defendants' recording of the call.

19.   In or about April of 2016, and while Mr. Kamrava's residence was in the State of California and while Mr. Kamrava was physically present in the State of California, Mr. Kamrava had at least one telephone communication on his cellular telephone ending 9045 in which he provided confidential information to Defendants in the process of making a reservation for a hotel room. The requested items of information required by Defendants during the reservation process included without limitation Plaintiff's name, address, telephone number, and complete credit card information. Mr. Kamrava was present in California at the time of the call to Defendants.

20.   The telephone call with the representative of Defendants lasted approximately eleven minutes.

21.   Towards the end of the call, Mr. Kamrava inquired whether the call may have been recorded for some reason, and the male representative stated that WYNN records all calls.

22.   The telephone number that Mr. Kamrava called was 877-770-7804.

23.   WYNN did not notify Mr. Kamrava that the call was recorded at the outset of the call, nor did Defendants obtain Mr. Kamrava's consent.

24.   Mr. Kamrava did not hear any intermittent beeping sounds during the call that may have possibly alerted Mr. Kamrava to Defendants' recording of the call.

25.   Plaintiffs allege on information and belief that, during the twelve months preceding the filing of this complaint, Defendants as a company practice, routinely recorded incoming and outgoing telephone communications with customers who resided in and were physically present in the State of California without notifying the customers that the communications were being recorded.

26.   Defendants' practice of secretly recording telephone communications

violates Cal. Penal Code section 630 et seq., including without limitation Cal. Penal Code sections 632 and 632.7.

27. Plaintiffs had no reason for suspecting that any of their cellular telephone conversation/s with Defendants would be recorded. Had Plaintiffs known that the conversations would be recorded, Plaintiffs would not have given consent, nor divulged his personal and/or highly confidential information over the phone.

28. Plaintiffs found Defendants' clandestine recording to be highly offensive. Because there was no warning that calls would be recorded or monitored, Plaintiffs had a reasonable expectation that his telephone conversations with Defendants were private and confined to the parties on the telephone. The recording, monitoring, and/or eavesdropping upon the calls without Plaintiffs' consent is highly offensive to Plaintiffs and would be highly offensive to a reasonable person, including members of the proposed Class.

29. Defendants' recording of the conversation/s with Plaintiffs without Plaintiffs' knowledge or consent caused harm and damage to Plaintiffs. Prior to Plaintiffs' inquiry on the matter, Plaintiffs were never informed that his cellular telephone conversation with WYNN was being recorded. At no time during the call did Plaintiffs give consent for the call with Defendants to be monitored, recorded, and/or eavesdropped on.

30. Upon information and belief, Plaintiffs allege that during the relevant time period, Defendants had had a policy and practice of recording telephone conversations. Defendants' employees and agents are directed, trained, and instructed to, and do, record cellular telephone conversations with the public, including Plaintiffs and other California residents.

31. Upon information and belief, Plaintiffs allege that during the relevant time period, Defendants have had all of its calls to the public, including those made to California residents, recorded without the knowledge or consent of the

public, including Plaintiffs and other California residents.

32.   Defendants' conduct violated the public's right to privacy, including the rights of Plaintiffs and other California residents, and constitutes a violation of Penal Code § 632.7.

## CLASS ACTION ALLEGATIONS

33.   Plaintiffs bring this action on behalf of themselves and all others similarly situated (the "Class").

34.   Plaintiffs represent, and are members of, the Class, which is defined as follows:

> All persons in California whose cellular telephone conversations with Defendants were recorded without their consent or knowledge by Defendants within one year prior to the filing of this action.

35.   Defendants, their employees, and its agents are excluded from the Class.

36.   The Class that Plaintiffs seek to represent contains numerous members and is clearly ascertainable including, without limitation, by using Defendants' records and/or Defendants' telephone company's or other telephone service provider's records to determine the size of the Class and to determine the identities of individual Class members.  Plaintiffs reserve the right to expand or modify the Class definition as warranted as facts are revealed through further investigation and discovery.

37.   By its unlawful actions, WYNN has violated Plaintiffs' and the Class's privacy rights under California's Invasion of Privacy Act, specifically, Penal Code §§ 632 and/or 632.7.  The questions raised are, therefore, of common or general interest to the Class, who have a well-defined community of interest in the questions of law and fact raised in this action.

38.   Plaintiffs' claims are typical of those of the Class, as Plaintiffs now

suffer from the same violations of law as other putative Class members.  Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions to represent him and the Class, and Plaintiffs will fairly and adequately represent the interests of the Class.

39.    This action may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Class is ascertainable.

**Numerosity**

40.    Plaintiffs do not know the number of members in the Class, but based on information and belief, believes the Class consists of at least one thousand individuals, making joinder of individual cases impracticable.

**Typicality**

41.    Plaintiffs' claims are typical of the claims of all the other Class members.  Plaintiffs' claims and the Class members' claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same privacy injury to Plaintiffs and to all the other Class members.

**Common Questions of Law and Fact**

42.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.  Those common questions of law and fact include, without limitation, the following:

   a.  Whether Defendants had a policy of recording and/or monitoring incoming and/or outgoing calls made to and/or from cellular telephones;

   b.  Whether Defendants disclose to callers and/or obtains their consent that their incoming and/or outgoing cellular telephone conversations with Defendant are being recorded;

   c.  Whether Defendants' policy of recording incoming and/or outgoing calls constitutes a violation of Cal. Penal Code section 630 et seq., including without limitation Sections 632 and 632.7;

d. Whether Defendants' policy of recording incoming and/or outgoing calls constitutes an invasion of privacy;

e. Whether Plaintiffs and the Class are entitled to statutory damages of $5,000 per violation of Penal Code § 632.7 under Penal Code § 637.2;

f. Whether Plaintiffs and the Class are entitled to statutory damages of $5,000 per violation of Penal Code § 632 under Penal Code § 637.2;

g. Defendants' recordkeeping practices;

h. Whether Defendants should be enjoined from engaging in such conduct in the future;

i. The appropriate remedies for Defendants' conduct.

**Adequacy**

43. Plaintiffs will fairly and adequately represent and protect the interests of the other Class members. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the other Class members and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interests adverse to those of the other Class members.

**Superiority**

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Even if every individual Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual

issues. By contrast, conducting this action as a class action will present fewer management difficulties, conserve the resources of the parties and the court system, and protect the rights of each Class member. Further, it will prevent the very real harm that would be suffered by numerous putative Class members who will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at a competitive disadvantage because they chose to obey the law. Plaintiffs anticipate no difficulty in the management of this case as a class action.

45. The prosecution of separate actions by individual Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to those adjudications, or that would otherwise substantially impair or impede the ability of those non-party Class members to protect their interests.

46. The prosecution of individual actions by Class members would establish inconsistent standards of conduct for Defendants.

47. Defendants have acted or refused to act in ways generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole. Likewise, Defendants' conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

## FIRST CAUSE OF ACTION

### Violation of Cal. Penal Code Section 632

### [Brought By Plaintiff Shayan Kamrava]

48. Plaintiffs repeat and incorporate by reference the allegations set forth above as though fully stated herein.

49. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy with the purpose, intent, and specific protections of the California

Invasion of Privacy Act, including Penal Code § 632.  As the California Supreme Court has stated, "California's explicit constitutional privacy provision (Cal. Const., art. I, § 1) was enacted in part specifically to protect Californians from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy." *Kearny v. Salomon Smith Barney, Inc.* (2006) 39 Cal. 4th 95, 39-40.  Therefore, it is evident that California has a strong and continuing interest in the full and vigorous application of the provisions of Penal Code § 632 prohibiting the recording of telephone conversations involving a cellular telephone without the knowledge or consent of all parties to the conversation.

50.     Plaintiffs allege on information and belief that, within the applicable statute of limitations, Plaintiffs and the Class members, while residing in and physically present in the State of California, participated in telephone communications with a live representative of Defendants, which communications were secretly recorded by Defendant without the consent of Plaintiffs and the Class members. Defendants did not notify Plaintiff and the Class members that the communications were being recorded at the onset of the call.

51.     Plaintiff Shayan Kamrava and the Class members had an objectively reasonable expectation that their telephone communications were confidential and were not being recorded. There were no beeps, warnings, or recording disclosures played that would lead Plaintiff Shayan Kamrava and the Class members to believe that their communications were being recorded.

52.     Cal. Penal Code section 632 prohibits the intentional recording of a confidential communication without the consent of all parties to the communication. Defendants violated Sections 632 and 632.7 by intentionally recording confidential communications with Plaintiff Shayan Kamrava and other Class members without obtaining their consent.

53.     Upon information and belief, at all relevant times, Defendant had a

policy and practice of using a telephone system and/or recording equipment that enabled them to surreptitiously record and/or monitor conversations between Plaintiffs and Class members' telephone conversations with Defendants.

54.     Upon information belief, at all relevant times, Defendants had and followed a policy and practice of intentionally and surreptitiously recording and/or monitoring Plaintiff Shayan Kamrava's and Class members' telephone conversations with Defendant.

55.     Upon information and belief, at all relevant times, Defendants had and followed a policy and practice of not advising or warning Plaintiff Shayan Kamrava or Class members that their cellular communications with Defendant would be recorded and/or monitored.  Because Defendants did not disclose to Plaintiffs or Class members that their calls were being recorded and/or monitored, Defendant did not obtain, and could not have obtained, Plaintiff Shayan Kamrava's or Class members' express or implied advance consent to the recording and/or monitoring of those conversations.

56.     Defendants' conduct as described above violated Penal Code § 632. Plaintiffs and Class members are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to those set for in Penal Code § 637.2 and injunctive relief to halt the secret recording of communication.

57.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff Shayan Kamrava and the Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in California Code of Civil Procedure § 1021.5, or any other statutory basis.

## SECOND CAUSE OF ACTION

### Violation of Cal. Penal Code Section 632.7

### [Brought By Both Named Plaintiffs]

58.     Plaintiffs repeat and incorporate by reference the allegations set forth

above as though fully stated herein.

59.   Californians have a constitutional right to privacy.  Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy with the purpose, intent, and specific protections of the California Invasion of Privacy Act, including Penal Code § 632.  As the California Supreme Court has stated, "California's explicit constitutional privacy provision (Cal. Const., art. I, § 1) was enacted in part specifically to protect Californians from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy." *Kearny v. Salomon Smith Barney, Inc.* (2006) 39 Cal. 4th 95, 39-40.  Therefore, it is evident that California has a strong and continuing interest in the full and vigorous application of the provisions of Penal Code § 632.7 prohibiting the recording of telephone conversations involving a cellular telephone without the knowledge or consent of all parties to the conversation.

60.   Plaintiffs allege on information and belief that, within the applicable statute of limitations, Plaintiffs and the Class members, while residing in and physically present in the State of California, participated in cellular telephone communications with a live representative of Defendants, which communications were secretly recorded by Defendant without the consent of Plaintiffs and the Class members. Defendants did not notify Plaintiffs and the Class members that the communications were being recorded at the onset of the call.

61.   Plaintiffs and the Class members had an objectively reasonable expectation that their telephone communications were confidential and were not being recorded. There were no beeps, warnings, or recording disclosures played that would lead Plaintiffs and the Class members to believe that their communications were being recorded.

62.   Cal. Penal Code section 632.7 prohibits the intentional recording of a confidential communication without the consent of all parties where one of the

parties to the communication is using a cellular or cordless telephone. Defendants violated Section 632.7 by intentionally recording cellular telephone communications with Plaintiffs and other Class members without obtaining their consent.

63.     Upon information and belief, at all relevant times, Defendants had a policy and practice of using a telephone system and/or recording equipment that enabled them to surreptitiously record and/or monitor conversations between Plaintiffs and Class members' telephone conversations with Defendants.

64.     Upon information belief, at all relevant times, Defendants had and followed a policy and practice of intentionally and surreptitiously recording and/or monitoring Plaintiffs' and Class members' cellular telephone conversations with Defendant.

65.     Upon information and belief, at all relevant times, Defendants had and followed a policy and practice of not advising or warning Plaintiffs or Class members that their cellular communications with Defendant would be recorded and/or monitored.  Because Defendants did not disclose to Plaintiffs or Class members that their calls were being recorded and/or monitored, Defendant did not obtain, and could not have obtained, Plaintiffs' or Class members' express or implied advance consent to the recording and/or monitoring of those conversations.

66.     Defendants' conduct as described above violated Penal Code § 632.7(a).  Plaintiffs and Class members are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to those set for in Penal Code § 637.2 and injunctive relief to halt the secret recording of communication.

67.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiffs and the Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in

California Code of Civil Procedure § 1021.5, or any other statutory basis.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and members of the Class, pray for the following relief against Defendants and each of them:

a. An order certifying the Class and appointing named Plaintiffs as representative of the Class, and appointing counsel for Plaintiffs as lead counsel for the Class;

b. An order declaring that the actions of Defendants, as described above, violate California Penal Code § 632;

c. An order declaring that the actions of Defendants, as described above, violate California Penal Code § 632.7;

d. A judgment for and award of five thousand dollars ($5,000.00) per violation of California Penal Code §§ 632 and/or 632.7 to Plaintiff and the members of the Class, pursuant to *inter alia* Cal. Pen. Code § 637.2;

e. A preliminary and permanent injunction enjoining Defendants from engaging in further conduct in violation of California Penal Code § 630 *et seq.*;

f. Payment of costs of the suit;

g. Payment of attorney's fees under California Code of Civil Procedure § 1021.5;

h. An award of pre- and post-judgment interest to the extent allowed by law; and,

i. Any other further relief that the court may deem just and proper.

//
//
//
//

# DEMAND FOR JURY TRIAL

68.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.


Dated: May 11, 2016                          Respectfully submitted,

                                             **KAZEROUNI LAW GROUP, APC**


                                        BY:/s/ ABBAS KAZEROUNIAN
                                             ABBAS KAZEROUNIAN, ESQ.
                                             ATTORNEY FOR PLAINTIFF